Judge Underwood
delivered the Opinion of the Court.
Moore was indicted under the sixth section of the act of 1833, as a common gambler. Upon the calling of the cause, the attorney for the accused required a hill of particulars, containing a list of the several violations of the laws against gaming which the attorney for the Commonwealth intended to prove on the trial. The attorney for the Commonwealth refused to furnish such list. The court decided that the accused was entitled to a bill of particulars. The Commonwealth’s attorney persisting in his refusal to furnish it, the court thereupon dismissed the prosecution. Whether the court erred in doing so, is the only question.
Were this case to turn on the ru^es applicable to barratry, the decision of the circuit court could not be shaken. All the authorities concur, that a barrator is entitled to a bill of particulars: “But,” says Lord Hardwicke, in Clarke vs Periam, 2 Atk. 339, “that is a particular case, and differs from all others, for the drawing the line between pursuing him as a barrator, and following the course of his profession as an attorney, is a very difficult thing : because it is a crime of which an attorney for the most part, only can be guilty.”
The same learned Judge takes the distinction between the case of a barrator, and the keeping a common bawdy house ; in which last, although the indictment be general, without charging any particular facts, yet, at the trial, you may give in evidence particular facts and the particular time of doing them. “ So where you charge that a man is addicted to drinking, and liable to be imposed upon, you are not confined, in general, to his be» *403 ing a drunkard, but particular instances are allowed to be given.” 2 Atk. 339, supra.
In the case of Janson vs. Stuart, 1 Durn, and East, 754, Justice Buller remarks, after speaking of barratry and the keeping a common bawdy house : “So in the case of a common scold, it is not necessary to prove the particular expressions used ; it is sufficient to prove generally that she is always scolding.”
The opinions of the judges in the cases referred to, plainly indicate a well settled practice, to give in evidence particular facts, under general charges, whether they be found in indictments, or in the pleadings in civil suits. Thus it was ruled, in the case of Clarke vs. Periam, to be sufficient to put in issue a general charge of lewdness, and to give particular evidence under it. So in the case of Gregory vs. Thomas, decided by this court, 2 Bibb, 286, it was laid down as a general rule, “ that in all cases where general character or behavior is put in issue, evidence of particular facts may be admitted, but not where it comes in collaterally.” The reason assigned for the rule, is, that where general character is directly put in issue, it operates as notice, just as much so, as if the party were apprized of the particular facts by the declaration or plea. The case of barratry is made an exception, and a bill of particulars is required to constitute the notice. In all other cases the general charge is sufficient, where the matter embraced by it is directly put in issue.
Here the indictment puts in issue directly, upon a general charge, the behavior of the accused in relation to gaming. He is notified that the Commonwealth will, by proof, undertake to establish that he is a common gambler, and for that purpose, will go into his particular conduct in reference to the vice of gaming. Such is the effect of legal rules. He is bound to know them, and prepare for his trial accordingly.
We think the case before us, bears a stronger likeness to the case of common scolds, common bawdy houses, common gaming houses (also mentioned by *404 Lord Hardwicke in Clarke vs. Periam,) common drunkards, and common whores, or a general charge of lewdness, than it does to common barrators. The court erred in requiring a bill of particulars,
Judgment reversed, with costs, and cause remanded for a new trial.